514 P.2d 491

**The STATE of Arizona, Appellee,**

v.

**Hector R. ENRIQUEZ, Appellant.**

**No. 2419.**

Supreme Court of Arizona,
In Division.
Sept. 24, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment by the court sitting without a jury finding the defendant guilty of the crime of offering to sell a narcotic drug, § 36–1002.02 A.R.S. Imposition of sentence was suspended for a period of five years.

We must consider only one question on appeal and that is: Do the facts support a finding of intent to sell a narcotic drug?

The facts necessary for a determination of this matter on appeal are as follows. Michael Bertocchi, an employee of the Department of Public Safety, and an informer, were in Tempe at George Street and Maryland on 17 December 1970 when Hector Enriquez approached them and asked if they wanted to buy some heroin. Enriquez told them to return later. At 6:30 p. m., Enriquez drove up and asked Bertocchi if he wanted to buy 15 "papers" to which Bertocchi answered, "yes." Bertocchi was told to meet him at a bar in a half hour. Enriquez and another man returned in a half hour and, as requested, Bertocchi got into the car with the defendant. Enriquez handed him a needle stating, "Here is a clean one for you to try it." Bertocchi asked Enriquez if he had the stuff, to which Enriquez replied "yes." He had 17 "papers" on him. He patted his left top pocket and stated, "Here is the paper that you can try," and pulled out of his right top pocket one tin foil packet. Bertocchi grabbed for the paper, but Enriquez would not let him have it until he agreed to give them $10 before trying it. Bertocchi agreed to pay the $10 and try the paper after driving around the corner in Enriquez's car. As Enriquez entered the car, Bertocchi signaled for the other agents to close in and attempted to grab the foil packet from Enriquez, but Enriquez swallowed the packet he had in his hands, stating, "I just swallowed it." Bertocchi reached into his pockets for the other packets as Enriquez said: "That is all foney (sic). I swallowed the real stuff." Enriquez was arrested. The swallowed packet was not recovered and the remaining packets did not contain any illegal narcotic drugs.

Our statute reads:

"A. * * * every person who * * * *offers* to transport, import into this state, *sell,* furnish, administer, or give away * * * any *narcotic drug* other than marijuana * * * shall be punished by imprisonment in the state prison from five years to life * * *." § 36–1002.-02 subsec. A, A.R.S. (Emphasis added)

This statute is identical to § 11501 (renumbered § 11352, as amended 1972) of the California Health and Safety Code. The California Supreme Court in upholding a conviction for offering to sell narcotics under their statute stated:

"We agree with defendant's contention that a specific intent to sell a narcotic is an essential element of the crime of offering to make such a sale under section 11501. (citations omitted) In view, however, of defendant's subsequent admission that 'he had [the stuff] and he was on his way back but the police rousted him and he had to get rid of it,' and the absence of any compelling evidence that defendant's offer was false, the trial court could reasonably conclude that the defendant meant what he said when he stated to the officer that for $9 'he would get it for me. * * * He would get the stuff for me.' Moreover, there is nothing in section 11501 to support the contention that an offer to sell means an attempt to sell, for it proscribes both 'offers to transport, import into this State, sell,

furnish, administer, or give away' and 'attempts to import into this State or transport any narcotic * * *.' By thus distinguishing between offers and attempts the Legislature made clear that the requirement of a direct, unequivocal act toward a sale is not an implied element of an offer to sell." People v. Brown, 55 Cal.2d 64, 68, 9 Cal.Rptr. 816, 818–819, 357 P.2d 1072, 1074–1075 (1960).

And we stated:

"The appellant next contends that it was error for the trial judge to instruct the jury that an offer to sell a narcotic drug was a violation of A.R.S. § 36–1002.-02. At most, the appellant claims, he is guilty of an attempt to violate A.R.S. § 36–1002.02. There was evidence admitted at the trial upon which the jury could have found that not only had the appellant offered to sell heroin, but had in fact actually sold the substance to another for a price. A.R.S. § 13–108 defining attempt to commit a crime and the cases cited to us under that section are inapplicable to the situation at bar since the statute involved here makes it a specific crime to offer to sell narcotic drugs. The trial judge correctly informed the jury that there can be no crime unless there is present a union of an act and a criminal intent. There was sufficient evidence upon which the jury could have found that the appellant had offered to sell narcotic drugs in violation of A.R.S. § 36–1002.02 and that he possessed the requisite criminal intent at the time the offer was made." State v. Espinosa, 101 Ariz. 474, 476–477, 421 P.2d 322, 324–325 (1966).

Enriquez argues that a conviction for offering to sell a narcotic drug cannot be sustained here because there was compelling evidence that the offer to sell was false. Admitting that the offer was false as to the fifteen fake "papers" still leaves the question of whether Enriquez intended to sell a narcotic in the paper he swallowed. From the actions of the defendant in swallowing the one paper after realizing

that Bertocchi was a police officer, the trier of fact could reasonably conclude it contained heroin. There was substantial evidence from which the trier of fact could find that Enriquez did intend to sell a narcotic contrary to our statute § 36–1002.02 A.R.S.

Judgment affirmed.

STRUCKMEYER and HOLOHAN, JJ., concur.