Raymond E. Aldrich, Jr., J.
The defendant Theodore Goetz has been indicted for the commission of the crime qf criminally selling a dangerous drug in the third degree, a class C felony, *320 in violation of section 220.35 of the Penal Law, and he now moves by his attorney’s affidavit to have furnished to him, his attorney, or a chemist employed by him, (1) a detailed report setting forth the tests and findings of the People’s chemist of the narcotic drug alleged in the indictment, and (2) a sample of such drug allegedly in the defendant’s possession to enable his chemist to determine what drug was present, and (3) in the event that neither the District Attorney, his chemist, or any law enforcement agency is or has been in possession of any substance taken from the defendant and alleged to have been cocaine that the indictment then be dismissed.
The District Attorney responds to the effect that the People have no scientific reports in their possession, but will provide such reports which may come into their possession in the future, and ask that the motion be denied without prejudice to a renewal at the time of trial under circumstances where the chain of evidence will not be interfered with.
The indictment is a so-called long form one which charges that ‘ ‘ The said defendant in the Town of Poughkeepsie, County of Dutchess and State of New York, on or about the 8th day of April, 1973, knowingly and unlawfully offered to sell a quantity of cocaine to another person.”
While the defendant seeks scientific reports of the alleged cocaine and samples for testing, his principal contention is that his physical possession of the cocaine, thus proffing his capability to transfer it to another person, and its chemical analysis establishing that the substance was cocaine are essential elements of the. crime, in the absence of which the indictment must be dismissed.
This court has heretofore held (People v. Johnson, 68 Misc 2d 708) that the unlimited disclosure provided by CPL 240.20 (subd. 2) requires in a case involving dangerous drugs, where the property containing the alleged drug has been seized by the police, examined and analyzed scientifically, and thus the substance of the drug itself is naturally the basis of the charge, that the People should furnish to the defendant, or his attorney, all reports and documents, or copies thereof, concerning any scientific tests and experiments made on such property seized, and in view of the People’s affidavit the court assumes that the People do not in fact have any reports and documents concerning scientific tests and experiments made in connection with the case.
Notwithstanding such assumption, however, it is ordered that even though no reports containing scientific tests and experi *321 ments are presently in the possession of the people, if hereafter at any time in the future any reports and documents concerning scientific tests and experiments made in connection with the case do come within the “ possession, custody or control of the district attorney, the existence of which is known, or by the exercise of due diligence should become known ” to him to exist, then the same, or copies thereof, shall be forthwith supplied to the defendant. (CPL 240.40.)
In conjunction with this motion, the defendant brought another motion to have the court inspect the Grand Jury minutes, and to dismiss the indictment upon the ground that the evidence before the Grand Jury was not legally sufficient to support the offense charged (CPL 210.30).
After granting the motion to inspect, the court examined the minutes which revealed that the only exhibit received in evidence was a tape-recorded conversation between the defendant and another person in which the defendant offered to sell him a gram of cocaine for $55.
Upon this exhibit plus the testimony of the other person that he followed the defendant’s instructions to his apartment, that he paid the sum asked, and received the cocaine, this court denied the motion to dismiss.
While the People do not admit in a candid manner that there is no cocaine to be examined, neither do they affirmatively state that the drug involved in this case is either in their possession or of any other law enforcement agency. However, since the People do admit that they have no scientific reports, one may surmise that the reason is because they have no cocaine to examine.
After reading the minutes of the Grand Jury proceeding in which no drug substance was introduced into evidence, this suspicion grows into an inescapable belief that in this ease there is no cocaine in producible substance, and in fact no actual drug to be subjected to examination and chemical analysis. However, even if the cocaine had been seized, the motion to test the substance would be denied since the cocaine, if it is a tangible piece of evidence should not be tampered with or altered in size, shape, weight or composition before being received into evidence and exposed to the jury for that body must make the finding of fact in the final analysis as to whether the alleged cocaine is actually a dangerous drug in violation of the statute.
Accordingly, that portion of the motion to scientifically test the alleged cocaine to determine its exact chemistry is denied at *322 this time, without prejudice to the defendant at the trial to apply to conduct his scientific examination after the alleged cocaine has been received into evidence. The court is mindful of the possible delay at the trial this will entail ; however, such delays from time to time in the interests of justice are necessary and provide no prejudice to the defendant or the people.
The defendant’s motion to be furnished with a scientific report of the chemical analysis of the alleged cocaine has as of this moment been denied, likewise the request to make tests on any samples of the drug.
Therefore, the third branch of the omnibus motion must be considered, namely, to dismiss the indictment because neither the District Attorney nor any law enforcement agency has in their possession any substance taken from the defendant.
This alternative contention is an interesting and novel one requiring a construction of section 220.35 of the Penal Law to determine whether the dangerous drug which is the subject matter of the illicit transaction must be in the physical possession of the defendant at the time the valid offer to sell is made and then accepted by the prospective buyer, before a conviction can be had.
A person is guilty of criminally selling a dangerous drug in the third degree when he knowingly and unlawfully sells a narcotic drug (Penal Law, §220.35).
Our Legislature has defined a number of ways in which a person may “ sell ” such a drug. He may sell it as that word is used in everyday language for money or other reward, he may “ exchange ” it with another for other property, he may even “ give ” it away or “ dispose ” of it in some manner to another, or he may offer # * * to do the same.” (Penal Law, § 220.00, subd. 1.)
This court does not believe in a case where a defendant is charged with offering to sell a dangerous drug that the arresting officers must seize and appropriate the actual drug substance', which is the subject matter of the transaction. To hold otherwise, would emasculate any meaning for the statutory words “ to offer ”, which would become nugatory and meaningless since there would be no use for their being in the statute at all.
A reading of subdivision 1 of section 220.00 of the Penal Law reveals a comma separating, the concept of selling, exchanging, giving or disposing from the concept of offering to do the same, and I believe this separation was a deliberate act of the Legislature to differentiate between the actual doing of an act which *323 is prohibited, and an offer to do such an act which if carried out would result in a consummation of an illegal act.
This defendant is not charged with a culminated or consummated drug transaction, or being in actual possession of a narcotic drug, but rather with offering to sell cocaine. In such an instance, the Legislature has seen fit to declare such an act to be a crime, and when the proof indicates a valid offer to sell, and subsequent acts in furtherance of an implementation of the offer then the proof is sufficient.
In this case, the proof shows a valid offer to sell by the defendant, the buyer meeting with him, the passage of money and a substance of personal property between them. As this court held upon the motion to inspect and dismiss, this proof before the Grand Jury was legally sufficient to sustain the indictment, even though no drug substance was ever introduced into evidence.
That holding will dispose of this motion for this court does not believe in a case of an offer to sell that physical possession of the drug itself be established in the defendant, but rather only the offer under circumstances which establish that the People have proven beyond a reasonable doubt conduct which is offensive to the statute.
Accordingly, the motion is denied in accordance with the foregoing.