Leon B. Polsky, J.
On this motion to inspect and dismiss, the court has read the minutes of the proceedings before the Grand Jury which resulted in the indictment of the defendant for the Class A felony of criminal sale of a dangerous drug in the first degree. The only witness before the Grand Jury was an undercover police officer who testified to a single conversation with the defendant, 11 months earlier, during which the defendant allegedly offered and agreed to sell one kilogram of heroin to the officer for "about” $25,000. The officer testified, without elaboration, that the actual sale did not occur and he never saw the defendant after the conversation.
The question here is whether this evidence of a naked offer or agreement is sufficient to hold the defendant upon an indictment charging sale.
Subdivision 5 of section 220.00 of the Penal Law, in force at the time of the alleged commission of the crime read: "’Sell’ means to sell, exchange, give or dispose of to another or to offer or agree to do the same.” Section 220.44 of the Penal Law, then in force, read: "A person is guilty of criminally selling a dangerous drug in the first degree when he knowingly and unlawfully sells a narcotic drug consisting of one or more preparations * * * of an aggregate weight of sixteen ounces or more, containing [a narcotic drug].”
Although the quoted statutes, which were read to the grand jurors, seem on their face to proscribe the mere knowing utterance of words constituting an offer or agreement, the People have conceded that, "A specific intent to sell narcotics is an implicit and essential element of the crime of offering to sell narcotics * * * [for] it is senseless to believe that the Legislature intended to punish as sellers offerors who were *26 merely puffing or bragging and had no intention to consummate the sale.[1] This interpretation has been given similar statutes by courts in Arizona and California (see State of Arizona v Enriquez, 109 Ariz 570; State of Arizona v Espinosa, 101 Ariz 474; People v Jackson, 59 Cal 2d 468; People v Brown, 55 Cal 2d 64. See, also, Shanks v Commonwealth of Kentucky, 463 SW2d 312 [Ky.]. Contra, Hilyard v State of Indiana, 324 NE2d 516 [Ind.]).
Although counsel and the court have found no controlling New York case directly in point, it would seem that People v Kenny (30 NY2d 154) supports the correctness of the People’s concession.
In Kenny the defendant had offered to sell marihuana and in fact delivered some substance to the buyer who then consumed it. The specific issue litigated was whether the buyer had sufficient experience with marihuana to qualify as an expert and thus be permitted to give his opinion that the consumed material was marihuana. The Court of Appeals found the buyer’s qualifications or expertise were not established. Therefore, since there was no evidence apart from his testimony that the substance transferred was a dangerous drug, it affirmed the judgment of the Appellate Division which had reversed the conviction and dismissed the indictment.
If a mere offer is sufficient to bring a defendant within the definition of "sale”, then there would have been no need in Kenny for the People to have proven the nature of the substance transferred.[2] Indeed if the mere offer is sufficient to establish sale, then the introduction of drugs in evidence together with identifying expert testimony could be dispensed with in every case where a transfer is preceded by negotiation and agreement. Although not referred to in the Court of Appeals opinion, such a contention was made by the People in its brief seeking reinstatement of Kenny’s conviction. The court’s affirmance of the Appellate Division reversal and dismissal of the indictment is implicit rejection of any suggestion that a mere verbalization of an offer to sell drugs is *27 sufficient.[3] I therefore hold that where the gravamen of the offense is an offer or agreement, the People must establish a specific intent to transfer the drug which is the subject of such offer or agreement. In so holding, I wish to emphasize that in ° some factual situations the People may establish intent without being able to point to any identifiable substance as the subject of the offer or agreement (see, e.g., People v Brown, 55 Cal 2d 64 supra; People v Mora, 117 Cal Rep 262, 268).
Without attempting to delineate the factors or combination of factors that would or would not be sufficient in any given case, it would seem that the terms of the agreement or offer, the prior or subsequent dealings of the defendant, the efforts of the defendant to obtain the drugs and the reason for the failure to transfer all could be relevant to prove the element of intent.
Measured against the requirement of a showing of specific intent was the evidence before the Grand Jury sufficient to sustain the indictment?[4] In the case of an "intent” crime involving physical action, proof of the performance of a physical act is itself evidence of the intention to perform such act. To a lesser extent, an offer or agreement to perform an act in the future is some evidence of a present intention to do that which is offered. (People v Sloss, 34 Cal App 3d 74; Richardson, Evidence [10th ed.], pp 132-134.) In the context of the officer’s inconclusive testimony and the absence of any showing of other conduct by the defendant which would indicate an ability or attempt to obtain and deliver the drugs, this slight evidence is legally insufficient to support the indictment. Accordingly the indictment will be dismissed (CPL 210.20, *28 subd 1, par [b]). If I were not dismissing for legal insufficiency, the indictment would be dismissed because of a defect in the Grand Jury proceedings arising from the failure to instruct 'the Grand Jury that specific intent was required (see CPL 190.25, subd 6; 210.20, subd 1, par [c]; 210.35, subd 5). Normally the simple reading of the statutes under which an accused is sought to be charged would be a sufficient instruction on the law. However, in this instance the necessity for the grand jurors to find reasonable grounds to believe the defendant intended to consummate the sale would not be apparent from a mere reading of the definition of "sell” and the statutory language of the substantive offense. The defendant was clearly prejudiced by the absence of such an instruction (see People v Mackey, 82 Misc 2d 766; People v Ferrara, 82 Misc 2d 270).
The motion to dismiss the indictment is granted.

. This "concession” is made as an argument by the People in response to Defendant’s contention that the statute defining sale is unconstitutional because it does not require intent to sell as an element of an offer-based sale. Since I find, independent of the concession, that intent to sell is required by the statute, I do not reach the constitutional question tendered by defendant’s counsel.

. In Kenny (30 NY2d 154, supra), the offer and agreement to sell was separate in time and place from the delivery and payment.

. It might be suggested that the mere offer is a verbal act which the Legislature could properly proscribe because of its disruptive effect upon law enforcement. In far more serious situations, such as threatening the life of the President (US Code, tit 18, § 871, subd a) or the destruction of an aircraft (US Code, tit 18, § 35) the verbal act is proscribed and punishable without regard to the declarant’s intent to perform the act. Yet in neither case is the verbal act punished with the same severity as the completed physical act.

. By "sufficient” I intend to include not only the familiar concept of legal sufficiency but also "reasonable cause to believe” the defendant committed the offense. Ordinarily the question of reasonable cause is one of fact and implicit in the voting of the indictment is the Grand Jury’s finding of reasonable cause (CPL 190.65). Although a purely factual determination may not be reviewed by this court (see CPL 190.25, subd 4), in some situations the question of reasonable cause may be a mixed question of law and fact, and as such can be reviewed on the motion to inspect and dismiss for legal insufficiency (see People v Oden, 36 NY2d 382).