THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS GOODMAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 29, 1975, convicting him of criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence. The appeal also brings up for review so much of an order of the same court, dated October 2, 1975, as, after a hearing, denied his motion to suppress certain physical evidence. Judgment affirmed and order affirmed insofar as reviewed. The defendant and a companion went to the American Airlines Freight Terminal at La Guardia Airport to claim a baggage trunk. The airline employees refused to release it to them when they failed to produce identification connecting them to the addressee of the freight. Since suspicions were aroused because the defendant and his companion left without asking for the return of the freight charges which they had just paid, and because the trunk was too light to carry its alleged contents, printed matter, the carrier decided to open the trunk pursuant to Civil Aeronautics Board rules and regulations. Under the direction of American Airlines, an employee of the carrier opened the trunk in the presence of two police officers. The trunk contained more than 11 pounds of marijuana. When the defendant and his friend returned later that day to pick up the trunk, they were arrested. They were eventually indicted for the crime of criminal possession of a controlled substance in the fifth degree. On April 24, 1975 defendant moved, *inter alia,* to suppress the contraband and, on October 2, 1975, such portion of his motion was denied. He then entered a guilty plea and admitted that he was the intended recipient of the intercepted marijuana. On October 7, 1975, Criminal Term handed down its six-page decision, wherein it held that defendant did not have standing to challenge the legality of the search and seizure. The law in New York is clear that one charged with possession has "automatic standing" to challenge the search and seizure (see *Brown v United States,* 411 US 223; *Simmons v United States,* 390 US 377, 389–394; *Jones v United States,* 362 US 257; *People v Hansen,* 38 NY2d 17, 22–23). Turning to the search and seizure, the record discloses that the police participation in the search was of such a limited nature that Fourth Amendment considerations were not called into play (see *Burdeau v McDowell,* 256 US 465; *People v Esposito,* 37 NY2d 156; *People v Horman,* 22 NY2d 378, cert den 393 US 1057; *People v Capra,* 17 NY2d 670; *Sackler v Sackler,* 15 NY2d 40). Moreover, the officers' observations furnished the probable cause necessary for the issuance of a search warrant. Since normal police investigation

would have led to the contraband, such inevitable discovery permits the government to remove the taint from any poisoned fruit (see *People v Fitzpatrick*, 32 NY2d 499, cert den 414 US 1033). Thus, although the defendant has standing, the contraband should not be suppressed. Hopkins, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.