Oscar Murov, J.
By order of the court, dated March 21, 1977, defendant’s motion for the discovery and inspection of photographs depicting the events that gave rise to the within indictment was granted to the extent of allowing the defendant to inspect, copy or reproduce the said photographs under the supervision of a representative of the office of the Suffolk County District Attorney.
The People now move pursuant to CPL 240.20 (subd 5) for an order vacating the order of discovery. It must be presumed the People did not notice this particular branch of defendant’s motion for disclosure and consequently offered no opposition to the subject application. They now inform the court the photographs in question depict acts of deviate sexual intercourse between an adult male and a female child of approximately six years of age. The People submit the photographs constitute pornography; that they are a form of contraband, and that allowing copies of these photographs to be released would be no different than releasing a portion of narcotics which has been seized. The People are concerned that the photographs could be used for profit in the field of pornography should they fall into the wrong hands. Accordingly, they seek a protective order as a safeguard against such a happenstance.
As used in article 240, " '[ojrder of discovery’ means an order of a court in which a criminal action is pending, issued upon motion of a party thereto, directing the adverse party to permit such moving party to inspect property and to copy or photograph it.” (CPL 240.10, subd 1.)
CPL 240.20 (subd 5) which permits the People to make application to restrict, qualify or defer an order of discovery was patterned after rule 16 of the Federal Rules of Criminal Procedure which contemplated the use of protective orders in instances affecting " 'the safety of witnesses and others, a particular danger of perjury or witness intimidation, the protection of information vital to the national security, and the protection of business enterprises from economic reprisals’ ” (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 240.20, p 471; 2 Waxner, NY Crim Prac, par 14.8, p 14-27). However, the defendant’s constitutional right to gain disclosure of information vital to *121 his defense may, nonetheless, impel the court to grant discovery.
In Roviaro v United States (353 US 53), the Supreme Court of the United States reversed a conviction of the defendant based upon their determination the trial court abused its discretion in denying the defendant’s requests for disclosure of the informer’s identity. While recognizing a governmental privilege to withhold from disclosure the identity of persons furnishing the government information concerning violation of the law, the court added the privilege was not without limitation. One such limitation arises, the court said (pp 60-61), "from the fundamental requirements of fairness. Where the disclosure * * * is relevant and helpful * * * or is essential to a fair determination of a cause, the privilege must give way.”
The court’s research has uncovered only one case where obscene photographs were the subject of a motion for discovery (People v Steinberg, 60 Misc 2d 1041). The decision therein is of no aid to the determination to be made herein since the question of releasing obscene photographs, as contraband, either was not raised by the moving papers or considered in the court’s determination.
Counsel for the defendant has furnished the court with the name of his photographic expert and represents that the expert is a firm of high repute. The court will not indulge the suggestion that counsel or his expert will allow copies of the photographs in question to fall into the wrong hands or that discovery would serve any other purpose than expert analysis for defense purposes.
It is well known that photographs in the hands of a photoanalyst with the proper equipment and conditions will readily reveal details that would not otherwise be visible. The court determines the defendant ought to be granted the opportunity to exploit the possibility the photographs in question depict more (or less) than meets the naked eye.
The law recognizes that obscene material may lawfully be disseminated to persons having scientific, educational, governmental or other similar justification for possessing the same. (Penal Law, § 235.15, subd 1.) The purpose for which the material herein is sought would certainly fall within one or another of the above statutory categories.
The court would further add that the People’s analysis between marijuana and the subject material herein is not *122 persuasive since authority exists for the proposition that samples of controlled substances may be ordered released under appropriate circumstances (People v Goetz, 77 Misc 2d 319 [cocaine]; Jackson v State of Mississippi, 243 So 2d 396 [Miss] [marijuana]).
In view of the foregoing, the People’s application for a protective order vacating the court’s prior order as it relates to copying or reproducing the photographs in question is denied.