OPINION OF THE COURT
Fritz W. Alexander, J.
Salvatore Gondolfo and Frank Di Candía seek a ruling of this court conferring "standing’ upon them to challenge the use against them of certain contraband (8 ounces of cocaine) illegally seized by the police from the automobile of their codefendant John Abatemarco.
Following the hearing on a motion to suppress previously brought by Abatemarco, this court found that the officers lacked the requisite probable cause to believe that the automobile being operated by Abatemarco contained contraband; that the search and seizure was, therefore, illegal and that the contraband should be suppressed as to that defendant.
Gondolfo argues that he and Di Candía, who was a passenger in the Abatemarco vehicle, are similarly entitled to an order of suppression. Di Candía has elected to rely upon the facts established at the hearing and the legal precedents tendered by Gondolfo.
The pertinent facts, established by the credible evidence at the hearing are as follows: On the morning of May 7, 1976, Officer George Le Moine, of the New York Drug Enforcement Task Force was operating in an undercover capacity. He had previously arranged to purchase from Gondolfo, 8 ounces of cocaine for $7,400. Officer Le Moine met Gondolfo that morning at the intersection of Canal and Mulberry Streets in Manhattan. Gondolfo got into Le Moine’s car and stated that the drugs were only two minutes away. Gondolfo did not state, however, where the drugs were or who actually had physical custody of them.
With Le Moine driving and Gondolfo giving directions, they proceeded to a municipal garage located a short distance away. Near an entrance to the garage, Le Moine saw two men *699 standing side by side. One of these men he recognized as Frank Di CandIa, an acquaintance of Gondolfo and a person whom the officer knew to be a trafficker in drugs. He had, on two prior occasions been involved with Di Candia in negotiations for the sale of cocaine. These negotiations had taken place on December 9, 1975 and' January 20, 1976, and at the December meeting, Gondolfo was also present.
The man standing beside Di Candia was John Abatemarco, who at that time was unknown to Officer Le Moine. At some point, Gondolfo suspected that he and Le Moine were being followed. Gondolfo instructed Le Moine to pull out of the line of cars going into the garage and to drive off. After driving several blocks, Le Moine gave a signal to the backup team to have himself and Gondolfo arrested. He also instructed Detective Michael Bramble, one of the backup officers, to arrest Di Candia and the man with him, later identified as John Abatemarco.
Detective Bramble saw Abatemarco and Di Candia enter a car at the roof level of the garage and start to drive off. He followed the car, which Abatemarco was driving. As it was attempting to exit the garage, other officers blocked the car’s path and, with his revolver drawn, Bramble announced to the two men that they were under arrest. He asked them where the cocaine was and Abatemarco replied that it was in the trunk. A search of the trunk revealed the cocaine that is the subject of this motion.
The indictment returned herein charges these defendants with one count of criminal conspiracy in the first degree (Penal Law, § 105.15); one count of criminal sale of a controlled substance in the first degree (Penal Law, § 220.43); criminal possession of a controlled substance in the first degree (Penal Law, § 220.21) and criminal possession of a controlled substance in the third degree (Penal Law, § 220.16.) The substantive crimes charged in the conspiracy count are first degree sale and possession of a controlled substance.
These defendants claim "actual standing” to contest the use of the illegally seized contraband because "The officers viewed all of the defendants as one unit” and "the search of the vehicle was specifically referrable to the defendant Gondolfo.” They further claim "automatic standing” because the crimes of criminal sale in the first degree and criminal possession in the first degree "have possession as an essential element of the crime charged”.
*700 For the reasons hereinafter set forth standing is found in part and denied in part, as is suppression.
It is, of course, the general rule that "Fourth Amendment rights are personal rights which * * * may not be vicariously asserted” (Alderman v United States, 394 US 165, 174). These personal rights "may be enforced by exclusion of evidence only at the instance of one whose own protection was infringed by the search and seizure” (Simmons v United States, 390 US 377, 389).
In order to be deemed to have standing to challenge a search and seizure a defendant is required to demonstrate that he was "a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else.” (See Jones v United States, 362 US 257, 261; People v Hansen, 38 NY2d 17.) This requirement is said to have been met where the defendant is the owner or possessor of the seized property, has a possessory interest in the searched premises, or is legitimately on the premises when the search occurs. (See Simmons v United States, supra, p 390.) Such a defendant has "actual standing” to contest the search and seizure. (People v Hansen, supra.) "Automatic standing” is conferred where "possession of the seized evidence is itself an essential element of the offense with which the defendant is charged.” (See Simmons v United States, supra, p 390; Brown v United States, 411 US 223; Jones v United States, supra; People v Hansen, supra; People v Goodman, 51 AD2d 1008.)
Neither of these defendants assert any proprietary or possessory interest in the seized cocaine or in the Abatemarco vehicle and thus would lack standing to challenge the use of the illegally seized contraband unless they satisfy the criteria of one of the recognized exceptions referred to above.
As to Di Candia, the court finds that he has "actual standing” and that as to him the contraband must be suppressed in any prosecution of this indictment. It is clear from the evidence adduced at the hearing that both Di Candía and Abatemarco were seized and placed under arrest simultaneously. That seizure by Officer Bramble was based upon the instructions of Le Moine, the undercover officer, who, like Bramble viewed these two defendants as "one unit”. Bramble’s question as to the location of the cocaine was directed to them collectively and not individually or separately; and while *701 it was Abatemarco’s privacy (his vehicle) that was actually invaded, the court finds that Di Candia "was the victim of [that] invasion of privacy” and thus has "actual standing” to object to the search and seizure and the introduction into evidence of any "fruits of its poisonous tree.” (See United States v Westerbann-Martinez, 435 F Supp 690; Wong Sun v United States, 371 US 471.)
Gondolfo, on the other hand, was neither "legitimately on the premises at the time of the illegal search and seizure” nor was he "the victim of an invasion of [Abatemarco’s] privacy”. Indeed, Gondolfo was already under arrest some distance away at the time the seizure occurred. Clearly, therefore, he was not viewed as "one unit” along with Di Candia and Abatemarco. Thus he does not have "actual standing” and unless the circumstances confer "automatic standing” upon him, the motion must be denied as to him.
Gondolfo has no "automatic standing” in respect to the conspiracy count of this indictment since possession is not an "essential element” of that crime. (See United States v Sacco, 436 F2d 780, cert den 404 US 834; United States v Galante, 547 F2d 733.) Indeed the defendant does not seriously press such standing in his brief. Rather he asserts "automatic standing” as to the sale and possession counts.
The law in New York is clear "that one charged with possession has 'automatic standing’ to challenge the search and seizure”. (See People v Hansen, 38 NY2d 318, supra; People v Goodman, 51 AD2d 1008, supra.)
It is said that the prosecution may not be allowed "to allege possession as part of the crime charged and yet deny that there was possession sufficient for standing purposes”. (See Brown v United States, 411 US 223, 229, supra.)
The People argue that the "possession” charged to Gondolfo was a constructive possession that occurred "at the time that he made the offer to sell [the drugs] * * * well before he was arrested and well before the search and seizure of the drugs from Abatemarco.”
They contend, citing Brown v United States (supra), that where the search and seizure is not contemporaneous with the possession alleged in the accusation, the charge does not confer "automatic standing”.
While this may be an accurate statement of the holding in Brown, it is totally inapposite to the case at bar. Any fair *702 reading of this indictment in the context of the evidence adduced at the hearing, compels the conclusion that Gondolfo is charged with possession of the contraband taken from Abatemarco’s car at the time it was taken. The possession in Brown, on the other hand, occurred some two months prior to the seizure and the indictment there was carefully restricted to the events that transpired prior to the seizure. Here the indictment charges possession that occurred on May 7, 1976. The seizure likewise occurred on May 7, 1976, only a short time after Gondolfo entered Le Moine’s vehicle. The court is satisfied that the possession charged is contemporaneous with the seizure and holds that Gondolfo therefore has "automatic standing” in respect to the possessory counts. As to those counts, suppression is ordered.
As to the sale count, the People contend that because "possession” is not an essential element of that crime, "automatic standing” must be denied to Gondolfo.
The court concurs. While in the ordinary sale case, possession is also proved this is not necessary to sustain a conviction. The term "sell” is defined in the Penal law in broad terms that extend beyond its usual meaning. It means to "sell, exchange, give or dispose of to another or to offer or agree to do the same.” (Penal Law, §220.00 subd 1; emphasis added.) This definition by its precise terms clearly indicates that proof of possession is not required to prove a sale. Of course, not every casual offer is made criminal but where a defendant has made a bona fide offer or agreement to sell and there is sufficient evidence to indicate an ability and intent on the part of the defendant to complete the transaction, a conviction for sale may be obtained without proof of possession of the contraband. (People v Goetz, 77 Misc 2d 319; People v Lawson, 84 Misc 2d 24.) In the case at bar, not only was there an offer or agreement but steps were undertaken to actually deliver the contraband. The fact that delivery was aborted because of Gondolfo’s suspicions does not, in law or logic, render the transaction any less of a sale as defined by statute. Gondolfo lacks standing to challenge the search and seizure and suppression must be denied.
The court is not unaware of the fact that a consequence of this decision is to squarely present the problem alluded to, but unresolved in recent Federal decisions where standing was found to exist in respect to some but not all counts in a multicount indictment (see, e.g., United States v Banerman, *703 552 F2d 61, 63; United States v Oates, 560 F2d 45; United States v Galante, 547 F2d 733, 740, supra). The resolution tendered by the People in their memorandum is severance and dismissal of these counts where standing and suppression have been ordered.
While it is not altogether clear that severance would be authorized under CPL 200.20, it is at least clear that it should not be ordered without a full opportunity to the defendants to be heard. Moreover, it would appear that other options may be available pursuant to which a more desirable resolution of this problem could be achieved. Accordingly the court declines to reach that issue and limits this decision to the precise question of standing and suppression.
Either the People or the defendants, or both can take such further steps in respect to the prosecution of this indictment as they may deem advisable.