■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN JONES, Appellant.—Judgment, Supreme Court, New York County, rendered May 19, 1976, convicting defendant, after jury trial of criminal sale of a controlled substance in the first degree and sentencing him to an indeterminate term of 15 years to life, unanimously reversed, on the law, and the matter remanded for a new trial on the lesser included offense of criminal sale of a controlled substance in the third degree. Judgment (upon second indictment consolidated for trial), Supreme Court, New York County, rendered May 19, 1976, convicting defendant, after jury trial, of criminal possession of a controlled substance in the seventh degree and sentencing him to one year to run concurrently with the aforesaid sentence, unanimously affirmed. In their brief the People concede that the trial court erred in admitting in evidence the narcotics alleged to have been recovered from defendant's partners at the time of their arrest. As a matter of law there was insufficient evidence to connect these drugs to this arrest. Without the receipt of these drugs in evidence, a conviction of criminal sale in the first degree could not be sustained inasmuch as the People had to prove that the narcotics which were the subject of the sale weighed in excess of one ounce. There was, however, sufficient evidence to prove defendant's guilt of criminal sale of a controlled substance in the third degree, a lesser included offense of criminal sale in the first degree. The former crime does not

require proof of a specific quantity. Ordinarily, this court can modify a judgment by reducing a conviction to a lesser included offense when there is insufficient evidence to sustain a conviction of one offense, but legally sufficient evidence to support a conviction of the lesser included offense (CPL 470.15, subd 2, par [a]; see, e.g., *People v Freeman,* 41 AD2d 811). Here, the introduction in evidence of drugs which were legally inadmissible was prejudicial to defendant and consequently, as the People concede, requires a new trial. Although the People did not prove a consummated sale, the Penal Law definition of a sale includes an offer to sell (Penal Law, § 220.00, subd 1). A sale of drugs by proof of an offer can be established without introducing in evidence the actual subject matter of the offer. (See *People v Goetz,* 77 Misc 2d 319, 322-323; see, also, *People v Lawson,* 84 Misc 2d 24, 27.) As for the conviction of criminal possession of a controlled substance in the seventh degree, there was sufficient proof of the chain of custody of the packet seized from defendant to sustain the conviction. Concur—Silverman, J. P., Evans, Fein, Lynch and Sullivan, JJ.