(657 P.2d 1136)

No. 54,603

STATE OF KANSAS, *Appellee*, v. RICHARD L. WERNER, *Appellant*.

Opinion filed February 10, 1983.

*T. A. Blaser,* of Waterville, for appellant.

*Darold D. Bolton,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before FOTH, C.J., SPENCER and PARKS, JJ.

PARKS, J.: Defendant Richard Werner appeals his jury convictions for selling the hallucinogenic drug lysergic acid diethylamide or LSD, and offering to sell amphetamines. K.S.A. 65-4127b(*b*)(3) and K.S.A. 65-4127b(*b*)(2).

On June 10, 1981, Agents Dale Finger and Duane Ritter went to Summerfield, Kansas to investigate drug traffic at the Outpost Saloon. When they left the saloon they asked where they could buy drugs and were referred to a group of six men standing by a 1969 Barracuda automobile. Agent Finger spoke to a person named Rick, who was later identified as the defendant. Rick asked Finger if he wanted to buy some acid. When Rick told him the acid was $3.00 a hit, Finger purchased five tablets by paying Rick $15.00. (Chemical tests later revealed that the tablets contained LSD.) Finger then informed Agent Ritter, who was standing four or five feet away, that he had bought some LSD and Ritter looked up to observe Rick.

Rick also asked if Finger wanted to buy some speed, but Finger refused. At the time Finger did not see any containers or any substance resembling amphetamines. Rick then offered to sell some mescaline, apparently contained in foil packets, which Finger also refused. The mescaline charge was dismissed when defendant was bound over for trial on the LSD and amphetamine charges.

Later that morning, Agent Finger prepared a report describing Rick. Thereafter, Finger gave his description to the Brown County Sheriff, who told him that it sounded like Richard Werner. The sheriff showed Finger one photograph—a mug shot

of the defendant. As a result of Finger's identification of Werner as the man who sold him the drugs, charges were filed on August 5, 1981, and defendant was arrested August 7.

Defendant contends that the pretrial identification was so suggestive that the later in-court identification by Finger should have been suppressed. The use of a single photograph for identification of a suspect is not condoned by our courts. *State v. Hill*, 209 Kan. 688, 694, 498 P.2d 92 (1972). However, since reliability is the linchpin in determining the admissibility of identification testimony in a criminal prosecution, a reliable in-court identification may be capable of standing on its own even though preceded by a deficient pretrial confrontation. *State v. Marks*, 231 Kan. 645, Syl. ¶ 3, 647 P.2d 1292 (1982). The factors to be considered by the court in evaluating eyewitness identification testimony include (1) the opportunity of the witness to view the defendant at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *State v. Ponds*, 227 Kan. 627, 630, 608 P.2d 946 (1980).

Finger had an opportunity to observe the defendant at the time of the offense for ten to fifteen minutes under street lights and an interior automobile light. In addition, he was a trained officer who engaged the services of defendant with the intention of identifying him later. Finger accurately described defendant's appearance the day after their encounter and identified him from his photograph within a few months. We conclude that Finger's identification of defendant was sufficiently reliable to be admitted. The trial court did not err.

Defendant next contends that the magistrate judge erred in denying his motion for a lineup. A defendant does not have a constitutional right to be placed in the lineup, *State v. Porter*, 223 Kan. 114, Syl. ¶ 2, 574 P.2d 187 (1977), and in light of the change in the defendant's appearance since the charges were filed, we conclude that the facts of this case did not justify a lineup. Thus it was not error for the magistrate judge to deny his request.

Defendant also argues that the instruction concerning evaluation of eyewitness testimony failed to comply with the instruc-

tion approved in *State v. Warren,* 230 Kan. 385, 635 P.2d 1236 (1981).

In the present case the trial court's instruction was based on Syllabus 2 of *Warren* which summarizes the complete instruction approved by the court. The purpose of the instruction is to ensure that a jury will not conclude that the admission of such evidence by the trial court vouches for its reliability. *Warren,* 230 Kan. at 397. Although the complete instruction requested in *Warren* was deemed appropriate, the majority of the court held that the substance of the instruction should be given in any appropriate case. *Warren,* 230 Kan. at 400. We conclude that the instruction given on eyewitness identification met the substance requirement of *Warren* and was proper.

Of more concern is defendant's complaint that the jury should have been instructed that proof of specific intent to sell is required to convict a person of offering to sell a controlled drug.

K.S.A. 65-4127b(*b*) provides it shall be unlawful for any person to sell, offer for sale, or have in such person's possession with the intent to sell any stimulant designated in subsection (*d*) of K.S.A. 65-4107. The trial court included in its instruction defining the crime of offering to sell a controlled substance the requirement that the offer be willful but the court refused the defendant's request for an additional charge that specific intent to sell the drug was also essential.

This is an issue of first impression in Kansas but several other states have held that specific intent to sell must be proven to convict a person of offering to sell a controlled drug. See, *e.g., People v. Lawson,* 84 Misc. 2d 24, 27, 374 N.Y.S.2d 270 (1975); *State v. Enriquez,* 109 Ariz. 570, 514 P.2d 491 (1973); *People v. Jackson,* 59 Cal. 2d 468, 30 Cal. Rptr. 329, 381 P.2d 1 (1963); *Shanks v. Commonwealth,* 463 S.W.2d 312, 315 (Ky. 1971); Contra *Hilyard v. State,* 163 Ind. App. 406, 411-412, 324 N.E.2d 516 (1975). In *People v. Jackson,* 59 Cal. 2d at 469, the California Supreme Court considered a statute very much like K.S.A. 65-4127b(*b*) and held an instruction which only required proof of the intent to make an offer was erroneous. The court went on to note as follows:

"Persons who offer to sell narcotics with no intention of performing are not engaged in narcotics traffic. Their behavior is not materially different from that of other 'bunco' offenders and is not subject to the severe penalties imposed by section 11501." *Jackson,* 59 Cal. 2d at 470.

The Uniform Controlled Substances Act, K.S.A. 65-4101 *et seq.*, seeks to regulate the use and distribution of certain drugs by prohibiting their sale, offers for sale or possession with intent to sell. However, unless the person offering to sell a regulated drug intends to actually carry out a sale, his conduct in no way furthers or promotes the distribution of drugs. Therefore, we hold that the specific intent to sell is an essential element of the crime of offering for sale a controlled substance in violation of K.S.A. 65-4127b(*b*).

In the present case, the defendant did not make any statements admitting his intent, other than the offer itself. There was no direct evidence that he either possessed or had access to amphetamines. Although the jury could have inferred an intent to sell from the circumstances surrounding the offer, the jury could also have reasonably concluded that defendant's offer to sell amphetamines was made without the intent to perform.

The instruction given by the court was essentially the same as that recommended in PIK Crim. 2d 67.15. This instruction states in pertinent part as follows:

"To establish this charge, each of the following claims must be proved:
1. That the defendant (sold) (offered to sell) (a stimulant) (a depressant) (a hallucinogenic drug) known as _____;
2. That the defendant did so intentionally; and
3. That the defendant did so on or about the _____ day of _____, 19____, in _____ County, Kansas."

While this instruction is adequate when a sale is charged, we are holding that the crime of offering to sell requires proof of the specific intent to sell and not just proof of an intentional offer. Therefore, we conclude that in the case of an offer to sell controlled drugs, the court should instruct that specific intent is an element of the crime. The failure of the trial court to do so in this case was prejudicial error.

We have considered other points raised on appeal and find them to be without merit.

The judgment is affirmed on the conviction of selling LSD. The judgment as to the conviction of offering to sell amphetamines is reversed and remanded for a new trial.