■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MCGRATH, Appellant.—Casey, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered April 5, 1984, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the fifth degree.

On May 24, 1983, at about 8:00 P.M., defendant, who was taking a short cut across the State University campus at New Paltz, encountered two women walking near several dormitories. Defendant requested and received a cigarette from one of them. After thanking them, defendant proceeded a few feet in the opposite direction and then, according to the women, turned and asked if they wanted to buy some Valium. Defendant contends and so testified at trial that his request was misunderstood. He claims he said "excuse me but I am high on Valium" in order to explain his fumbling with a matchbox to light the cigarette. The women declined what they considered defendant's offer to sell and notified campus police at a nearby dormitory. Following the description of defendant and the direction he took given by the women, the campus police stopped defendant, who admitted talking to the women but denied offering to sell them Valium. At the request of the police, defendant emptied his pockets which contained a vial of Valium and a vial of Dalmane. Defendant was thereupon arrested and tried for criminal sale of a controlled substance in the fifth degree.

Both drugs were in defendant's possession pursuant to a

prescription from a physician. The vial of Valium contained 63 tablets which defendant testified came from a 90-tablet prescription filled on May 23, 1983. He had placed 23 of these tablets prescribed in another container, to assure his supply if the vial was lost, and had ingested four tablets. He claimed that he was crossing the campus to go home from the City of Kingston because he had been disappointed by a friend who was supposed to give him a ride to New York City.

The trial court denied defendant's motion to dismiss the indictment after an in camera review of the Grand Jury minutes, and also denied defendant's pretrial motion to suppress the Valium, finding that it was seized pursuant to a lawful arrest. Following a verdict of guilty as charged and the denial of a postconviction motion to set aside the verdict on the ground of the insufficiency of the evidence, defendant was sentenced as a prior felony offender to an indeterminate prison term of 2 to 4 years.

The testimony of the women that defendant offered to sell them Valium is sufficient under Penal Law § 220.00 (1), which defines the word "sell" as not only a sale but to "exchange, give or dispose of to another, or to offer or agree to do the same". Although a specific intent to sell is an essential element of the crime *(People v Milom,* 75 AD2d 68; *People v Lawson,* 84 Misc 2d 24), the intent may be proved by circumstantial evidence *(People v Ozarowski,* 38 NY2d 481, 489), and the quantity of Valium found in defendant's possession may be considered on the issue of intent to sell even though defendant possessed it legally. Such possession is indicative of his ability to complete the transaction *(see, People v Lawson, supra,* p 27).

We also find that the police had probable cause to legally arrest defendant without a warrant in view of the information supplied them by the two women and the immediacy required by defendant's walking across the campus *(see, People v Murphy,* 97 AD2d 873, 874). Contrary to defendant's argument that his search was invalid because it preceded his arrest, we find, as did the trial court, that the search was properly a search incident to arrest because defendant was in custody and there was probable cause to arrest at the time of the seizure *(see, Peters v New York,* 392 US 40, 67). Defendant's motion to suppress, therefore, was properly denied.

As to defendant's further argument that the District Attorney's instructions to the Grand Jury were insufficient, this issue is not appealable where legally sufficient trial evidence has been adduced (CPL 210.30 [6]) and the trial evidence here,

based on the testimony of the two women and defendant's possession, is ample to support the verdict *(see, People v Banks,* 77 AD2d 742). Inasmuch as defendant did not except to the trial court's charge, any error in regard thereto has not been preserved for our review (CPL 470.05 [2]).

The other errors alleged by defendant have been considered and found meritless, unsubstantial or unpreserved for review. The judgment of conviction should be affirmed.

Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.