OPINION OF THE COURT
Richard Lee Price, J.
Defendant’s motion for court inspection of the Grand Jury minutes is granted.
The defendant is charged with the crimes of criminal sale of a controlled substance in the third degree.
The facts of this case are as follows: On April 23, 1986 at approximately 1:35 p.m., a police officer working undercover, arrived at a residence at 1135 Clay Avenue in The Bronx. The officer rang the buzzer, and a short time thereafter observed through a large circular window the defendant as he approached the door. The officer asked the defendant for a vial of crack, at which time the officer was instructed to put his *79 money through a mail slot in the door. The officer declined, stating that he wished to make the buy inside the building. The defendant refused to admit the officer and again instructed him to place his money through the mail slot. After the officer again refused to make the buy outside the building, the defendant began shouting obscenities and turned to walk toward the back of the building. At this point the undercover officer and other members of his field team pushed the door open and apprehended the defendant who fled into the back of the first floor apartment. Inside the apartment, the officers seized 47 vials of crack and a plastic bag containing packets of cocaine weighing just over one ounce. It should also be noted that in his testimony before the Grand Jury, the undercover officer stated that at some time during the transaction, the defendant displayed a vial containing what he believed to be crack.
While at first glance it would appear that the defendant’s actions did not amount to a "sale” as the word is commonly used, it is the opinion of this court that his actions do fall within the word’s statutory definition.
The Penal Law defines several ways in which an individual may "sell” a controlled substance. He may sell it in the traditional sense, for money or other reward; he may exchange it for some other property; he may give or dispose of it to another; or he may "offer or agree to do the same” (Penal Law § 220.00 [1]). This last portion of the statute indicates that liability for criminal sale of a controlled substance may attach even where a transaction has not been consummated.
Thus, while not every casual offer or agreement constitutes a sale (see, People v Goetz, 77 Misc 2d 319 [1974]; People v Lawson, 84 Misc 2d 24 [1975]), where a bona fide offer or agreement to sell is made by the defendant, and there is sufficient evidence to indicate an ability and intent to complete the transaction, a conviction for sale may be obtained (People v Gondolfo, 94 Misc 2d 696 [1978]; see also, People v McGrath, 115 AD2d 128 [3d Dept 1985]; People v Jones, 63 AD2d 582 [1st Dept 1978]).
In the present case, the defendant aborted the exchange because the undercover officer refused to place his money through the mail slot. This, however, does not refute the fact that the defendant did agree to sell crack to the undercover officer, as evidenced by his solicitation for money. There was merely a dispute as to how the actual exchange would take *80 place. Thus, the defendant’s act of displaying a vial of crack, his possession of a large quantity of narcotics and his solicitation of money, clearly shows his ability and intent to sell narcotic drugs to the undercover officer. Hence, the evidence adduced before the Grand Jury as to count one of the indictment, criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) was legally sufficient.
The evidence as to counts two and three (Penal Law § 220.16 [1], [12]) was legally sufficient to support those charges or any lesser included offense.
The motion for dismissal of each and every count of the indictment is denied.