■ The People of the State of New York, Respondent, v Occie Redden, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16).

There is no merit to defendant's contention that the evidence is insufficient to sustain his conviction for criminal sale of a controlled substance. A conviction for criminal sale of a controlled substance may "be predicated on an offer or agreement to sell cocaine, even if an actual delivery of cocaine did not occur" *(People v Mullen,* 152 AD2d 260, 266, citing Penal Law § 220.00 [1]; *People v Jones,* 63 AD2d 582, 583). Here, although the cocaine was not actually delivered, there is sufficient evidence to indicate an intent to complete the transaction. Additionally, because there is no reasonable view of the evidence to support a conclusion that the proscribed conduct was "induced or encouraged" by official activity and that defendant had no predisposition to engage in such conduct (Penal Law § 40.05), the court did not err in refusing to charge the defense of entrapment *(see, People v Butts,* 72 NY2d 746, 750-751). We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from Judgment of Erie County Court, LaMendola, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Callahan, Green, Pine and Balio, JJ.