OPINION OF THE COURT
Sheila Abdus-Salaam, J.
At the conclusion of the People’s case, defendant moved, pursuant to CPL 290.10, for a trial order of dismissal as to all six counts of the indictment. From the Bench, I denied the motion with respect to counts two through six. However, I *614 reserved decision as to count one, which charges defendant with criminal sale of a controlled substance in the second degree, to consider the parties’ arguments and to review the relevant law. Before giving the case to the jury, I also dismissed that count, summarizing my reasons. This decision is a more detailed explanation for dismissing the top count.
Count one of the indictment is based upon a taped conversation defendant had on April 3, 1990 with a confidential informant (CI), Michael Dinnall, during which defendant offers to sell Dinnall an ounce of cocaine. Relevant excerpts of the transcript of this conversation follow.
"ci: Here you go. Hey uhh so what happened to your friend man, he still in jail?
"braithwaite: Hell yeah, he got busted.
"ci: Damn.
"braithwaite: Talking to this other dude though and see, if I can get. How much dope you want like an ounce or so you willing to spend like $800?
"ci: Hey, I told you man I want to do something so, so I can make some money, yeah. If, if you could hook it up man we can, we can work something out.
"braithwaite: Alright. How soon can you get it, dude gonna find out for me today. Another guy * * *
"ci: See, you’re, you’re, you’re notorious for, for building up my hopes and stuff and then stiffing me, you know.
"braithwaite: Listen, listen let me tell you something alright once I get the price off the dude I’ll come and I’ll let you know what the deal is that’s all because this new guy is checking on it. See what I’m saying before we need to buy [UI]. Them shit look cheap. Way back six, seven, eight years ago now it’s a different ball game. You know how long I don’t buy a ounce of fuckin’ shit.”
In support of his motion to dismiss count one, defendant relies on People v Rivera (59 AD2d 874 [1st Dept 1977]). Rivera, although admittedly not on point, stands for the proposition that if the People fail to prove beyond a reasonable doubt, any of the three elements of the crime of criminal sale of a controlled substance in the first degree, a conviction for that crime is invalid.
Defendant contends that the People failed to establish beyond a reasonable doubt that he knowingly and unlawfully sold a preparation, compound or mixture weighing in the *615 aggregate one-half ounce or more containing a narcotic drug, in violation of Penal Law § 220.41 (1). Like criminal sale of a controlled substance in the first degree, sale is one of the essential elements of the offense of criminal sale of a controlled substance in the second degree. Penal Law § 220.00 (1) defines the term "Sell” to mean "to sell, exchange, give or dispose of to another, or to offer or agree to do the same.”
In opposition, the People rely on People v Gondolfo (94 Misc 2d 696 [Sup Ct, NY County 1978]). Citing People v Goetz (77 Misc 2d 319) and People v Lawson (84 Misc 2d 24), Gondolfo sets forth the following two-pronged test for determining what constitutes an offer or agreement to sell under the statute: "Of course, not every casual offer is made criminal but where a defendant has made a bona fide offer or agreement to sell and there is sufficient evidence to indicate an ability and intent on the part of the defendant to complete the transaction, a conviction for sale may be obtained without proof of possession of the contraband.” (Supra, at 702; see also, People v Jones, 63 AD2d 582, 583; People v Mullen, 152 AD2d 260, 266; People v Redden, 181 AD2d 1016, 1017.)
The People argue that the definition of sale has been met and that defendant’s conduct meets the Gondolfo test in that defendant was ready, willing and able to supply an ounce of cocaine to Dinnall, to whom he had previously sold a gram of cocaine on March 23, 1990; defendant also sold a gram of cocaine to another Cl, Jeff Stephen, on June 7, 1990; defendant introduced Stephen to a supplier who was willing to sell Stephen a half ounce of cocaine on May 31, 1990; and defendant made representations of his ability to procure drugs, exhibited a familiarity with drugs and with drug sellers.
I disagree and find that defendant’s statements on April 3, 1990 do not constitute a "bona fide” offer or agreement to sell Dinnall an ounce of cocaine. Nor is there sufficient evidence to indicate an ability and intent on defendant’s part to complete the transaction as Gondolfo (supra) requires.
The Penal Law does not define “offer.” And, except for distinguishing an offer which is "casual” from one which is "bona fide”, neither does Gondolfo (supra) or any other decision treating the subject in the context of a criminal case. It is therefore necessary to seek guidance from the law of contracts.
1 Williston, Contracts § 4:4 (4th ed) defines "offer” to be "a conditional promise dependent for its enforceability on the *616 offeree giving in exchange the offeror’s requested act, forbearance or return promise.” In other words, the promise must be sufficiently definite in its terms to lead the offeree to understand that a bargain is being proposed and how the offeree may conclude the bargain. (Restatement [Second] of Contract § 24; Martin Delicatessen v Schumacher, 52 NY2d 105 [1981].)
The offer here was anything but definite. It was couched in terms such as "if I can get”; "you want like an ounce or so”; "you willing to spend like $800”; "once I get the price”; and "you know how long I don’t buy a ounce.”
These same words tend to negate defendant’s ability or intent to complete the transaction for an ounce of cocaine. Rather, it appears that defendant was attempting to feel Dinnall out concerning the latter’s intent and ability to buy this quantity of drugs. Moreover, as the People point out, defendant had sold Dinnall only one gram of cocaine prior to this conversation. Just two days later, on April 5, 1990, defendant sold him only one more gram. In fact, nothing else was ever said about the ounce of cocaine and defendant made no further sales of drugs to Dinnall. Even the sales to Stephen, which occurred almost two months later, involved only relatively small amounts of cocaine. The evidence simply is insufficient to show that defendant had any intent or ability to deliver an ounce of cocaine to Dinnall.
In another case involving an offer made in a tape-recorded conversation, the defendant, who was charged with criminal sale of a dangerous drug, moved to dismiss the indictment on the ground that the evidence presented to the Grand Jury was insufficient to support the offense charged. Inspection of the Grand Jury minutes revealed that the only exhibit in evidence was the tape-recorded conversation between the defendant and another man in which the defendant offered to sell him a gram of cocaine for $55. Upon this exhibit and the testimony of the other man that he followed the defendant’s instructions to his apartment, that he paid the sum asked, and received the cocaine, the court denied the motion to dismiss holding that "when the proof indicates a valid offer to sell, and subsequent acts in furtherance of an implementation of the offer then the proof is sufficient.” (People v Goetz, 77 Misc 2d 319, 323, supra.)
As discussed above, no valid offer was made in the present case. Further, in Goetz (supra) the buyer met with the defendant and they exchanged money as well as a substance. Here, *617 nothing was exchanged and defendant took no steps in furtherance of implementing the offer to sell Dinnall an ounce of cocaine. In fact, there are only a few reported cases dealing with an offer to sell a controlled substance and each of them included sufficient evidence of some act or acts in furtherance of the implementation of the offer (e.g., People v Rodriguez, 184 AD2d 439; People v Mullen, 152 AD2d 260, supra; People v George, 111 AD2d 767) or of the defendant’s intent to complete the transaction (People v Redden, 181 AD2d 1016, supra), neither of which is present in the instant case.
Accordingly, defendant’s motion for a trial order of dismissal as to the first count of the indictment is granted.