■ SANDRA BILLINGS, Appellant, v BERKSHIRE MUTUAL IN-SURANCE COMPANY, Respondent, et al., Defendant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Mercure, J.), entered May 20, 1986 in Schenectady County, which denied plaintiff's motion to renew or reargue a previous order dismissing the complaint against defendant Berkshire Mutual Insurance Company.

In 1981 plaintiff commenced an action to recover upon a fire loss sustained in 1980. On June 20, 1985, pursuant to CPLR 3216, defendant Berkshire Mutual Insurance Company served a written demand upon plaintiff to file a note of issue. More than 90 days had elapsed and the demand had not been complied with when, on September 23, 1985, Berkshire moved to dismiss the complaint against it. That motion, made on notice to plaintiff's attorney-of-record and also her present attorney, was granted by Supreme Court, which found neither an excuse for the filing delay nor a showing of a meritorious cause of action. An order dismissing the suit against Berkshire was duly entered and then served on both of plaintiff's counsel on January 17, 1986. Approximately three months later, plaintiff moved to renew or reargue. The individual assign-ment system now being in place, plaintiff, with the filing of her request for judicial intervention and motion papers with the Schenectady County Clerk's office, sought to have the matter permanently assigned to the Justice who had issued the order of dismissal. However, pursuant to 22 NYCRR 202.3 and 202.6, the action and plaintiff's motion were assigned, apparently randomly, to a different Justice, who declined to transfer the motion to the former Justice and denied the relief requested, quite rightly concluding that reargument was un-timely and that, viewed as a motion to renew, the moving papers were patently insufficient.

At issue is whether the second Justice's failure to transfer the motion, as CPLR 2221 seemingly mandates, was an im-provident exercise of discretion. We think not. To the extent pertinent, CPLR 2221 (a) provides that "[a] motion for leave to renew or to reargue a prior motion * * * shall be made, on notice, to the judge who signed the order, *unless he is for any reason unable to hear it*" (emphasis supplied). Here, the mo-tion was before the second Justice because of the implementa-tion of the individual assignment system which contemplates that all motions are to be made returnable before the Justice

charged with overseeing the case *(see,* 22 NYCRR 202.8 [a]). That carrying out the purpose of the individual assignment system satisfies the underscored excepting clause has been confirmed by an amendment to the rule (CPLR 2221 [b], as amended by L 1986, ch 355, § 5, eff July 17, 1986; 22 NYCRR 202.8 [a]; *see, Ministry of Christ Church v Mallia,* 129 AD2d 922).

Order affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.