THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LUIS ACEVEDO, Respondent.—Weiss, J.

In March 1987, defendant was charged in a three-count indictment with, *inter alia,* attempted criminal possession of a controlled substance in the first degree. The testimony before the Grand Jury established that on December 3, 1986, defendant's vehicle was stopped for speeding along Interstate Route 787 in the City of Albany by two State Troopers. During the confrontation, defendant was placed under arrest and a cam-

era bag containing approximately $28,000 in United States currency was retrieved from the backseat of the vehicle. Thereafter, defendant signed a written statement in which he acknowledged that the money was his, and further declared that "I had planned on staying the night [in the Albany area] and then I was going to drive to New York City tomorrow morning to buy at least three-quarters of a kilo of cocaine". No further details were provided as to the nature of the planned cocaine transaction.

County Court (Turner, Jr., J.), denied defendant's initial motion to dismiss this first count of the indictment for, *inter alia,* legal insufficiency *(see,* CPL 210.20 [1] [b]). Shortly thereafter, defendant retained substitute counsel, whose participation prompted the County Judge to recuse himself from the case. The matter was then assigned to a different County Judge. At this juncture, counsel moved to reargue the previous motion, emphasizing the legal insufficiency of the charge in question *(see,* CPL 255.20 [3]). After noting that the first County Judge had refused to entertain this application, County Court granted the motion and dismissed so much of the indictment as charged defendant with attempted criminal possession of a controlled substance in the first degree. The People have appealed.

Initially, we observe that County Court properly entertained the motion to reargue *(see, Billings v Berkshire Mut. Ins. Co.,* 133 AD2d 919). CPLR 2221 (a) requires that a motion to reargue "be made, on notice, to the judge who signed the order, *unless he is for any reason unable to hear it"* (emphasis supplied). Since the first County Judge had voluntarily recused himself, he was no longer in a position to entertain the motion. The case having properly been assigned to another County Judge *(see,* 22 NYCRR 200.11 [c], [d] [4]), that Judge was charged with reviewing the application to determine if, in fact, the relevant facts had been overlooked or if any controlling principle of law was misapplied *(see, Foley v Roche,* 68 AD2d 558, 567).

Turning to the merits, we agree with County Court that the evidence was legally insufficient to support the attempted possession charge. Accepting that defendant fully intended to purchase cocaine the next day in New York City, his actions clearly did not carry "the project forward within dangerous proximity to the criminal end to be attained" *(People v Warren,* 66 NY2d 831, 832). As County Court astutely discerned, numerous contingencies as to time, place and opportunity stood between defendant at the time of arrest and the contem-

plated purchase. That defendant was financially prepared and motivated to purchase a large quantity of cocaine does not provide sufficient evidence to support a conviction for an attempt *(see, People v Putnam,* 130 AD2d 52, 55-56). Accordingly, the first count of the indictment was properly dismissed.

Order affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.