■ The People of the State of New York, Respondent, v Eustaquio Flores, Appellant. [602 NYS2d 167] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered January 22, 1992, convicting him of criminal sale of a controlled substance in the first degree (two counts), and criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the convictions under the fourth and fifth counts of the indictment from criminal sale of a controlled substance in the first degree and criminal sale of a controlled substance in

the second degree, respectively, to convictions for criminal sale of a controlled substance in the third degree, and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on those counts.

The police conducted a long-term "buy operation" between March 28, 1990, and June 5, 1990, with the defendant as its target. During the operation, the defendant engaged in three drug transactions with an undercover officer. On March 28, 1990, the defendant sold the undercover officer more than four ounces of cocaine. On April 5, 1990, he agreed to sell the same undercover officer a quarter of a kilogram of cocaine; however, no drugs or money changed hands. On May 23, 1990, the defendant again agreed to sell the same undercover officer one-half ounce of cocaine; again, no drugs or money were transferred.

We agree with the defendant that the evidence regarding the April 5, 1990, and the May 23, 1990, transactions is legally insufficient to support the convictions for, respectively, criminal sale of a controlled substance in the first and second degree. The Penal Law specifies as elements of each of these crimes the sale of a specified weight of cocaine (see, Penal Law § 220.43 [1]; § 220.41 [1]). While proof of an offer may establish that a sale has occurred, the weight of the material must be independently shown (see, Penal Law § 220.00 [1]; *People v George,* 67 NY2d 817; *People v Nunez,* 184 AD2d 594), and the People failed to do so here. However, viewed in the light most favorable to the People (see, *People v Contes,* 60 NY2d 620), the evidence is legally sufficient to support convictions of criminal sale of a controlled substance in the third degree, since no specified weight of the narcotic drug must be proven. Accordingly, we reduce the convictions attributable to the April 5, 1990, and May 23, 1990, transactions to convictions for criminal sale of a controlled substance in the third degree, and remit the matter to the Supreme Court, Kings County, for resentencing.

The defendant's remaining contentions are unpreserved for appellate review or without merit. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.