■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFEL MIKE, Appellant. [667 NYS2d 467] —Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 29, 1996, convicting defendant following a nonjury trial of the crime of criminal sale of a controlled substance in the third degree.

As a result of an alleged offer to sell cocaine to two undercover police officers, defendant was charged with criminally selling a controlled substance in the third degree. After a nonjury trial, defendant was convicted and sentenced to serve an indeterminate term of incarceration of 3 to 9 years. Defendant appeals.

Viewed in the light most favorable to the People, the trial evidence establishes that on the evening in question, as the officers passed defendant in their unmarked car, he motioned to them, prompting them to pull over, and asked "What do you want?" When one of the officers responded by asking defendant if he had a "dime bag", he replied that he only had "twenties". Because the officers, who had not set out with the specific aim

of purchasing narcotics, had only their own currency, consisting of a $5 bill, a $10 bill and a $100 bill, they showed defendant the $100 bill and inquired if he had change. Defendant said he would have to get it, and asked to get into the car; after they allowed him to do so, he directed the officers to a location one or two blocks away where defendant said he had to go upstairs to obtain the "twenties" and to make change. Concerned that defendant would take the $100 bill and not return, they refused, and because one of the officers was—unbeknownst to defendant—carrying handcuffs and a sidearm, they declined defendant's invitation to accompany him into the building. Negotiations having reached an impasse, the officers identified themselves and placed defendant under arrest.

At the police station, defendant was advised of his *Miranda* rights and questioned. After his responses were reduced to writing, defendant crossed out certain language which implied that he had been involved in selling drugs and had intended to provide the officers cocaine—"rock" or "powder"—in exchange for their money. According to the officers, although defendant struck this language he never denied that he had in fact said these things. Notably absent from the People's case is any proof that defendant had the ability to procure the cocaine he purportedly offered to sell. Significantly, defendant had neither drugs nor currency on his person when arrested (*compare, People v Rodriguez*, 184 AD2d 439, *lv denied* 80 NY2d 909; *People v McGrath*, 115 AD2d 128, 129, *lv denied* 67 NY2d 654); there was no evidence that he had previously obtained illegal drugs for these officers or anyone else (*compare, People v Mullen*, 152 AD2d 260, 264-265); and it was never shown that cocaine, or any other controlled substance, was even present in the building where he claimed he would go to acquire it (*compare, People v Gondolfo*, 94 Misc 2d 696, 699). In short, the proof is insufficient to establish, beyond a reasonable doubt, that defendant made a "bona fide" offer to sell narcotics under circumstances evincing an intent and ability to follow through with that offer (*see, People v Braithwaite*, 162 Misc 2d 613, 615). While his postarrest oral and written statements arguably demonstrate that he intended to try to make good on his offer, rather than merely make off with the officers' money, and that he believed that he could procure the cocaine they had requested, there is no proof that he actually had that ability.

While one need not have been in possession of an illegal substance to be convicted of having "sold" it (*see, People v Gondolfo, supra*, at 702), there must be some evidence that the alleged seller has the capability of obtaining the promised

contraband before he or she can be found guilty of the crime with which defendant was charged. There being no such showing here, the proof at most supports a finding that defendant committed the crime of attempting to sell a controlled substance in the third degree (*see*, Penal Law §§ 110.00, 110.10; *People v Culligan*, 79 AD2d 875, 876), and the conviction must be reduced accordingly (*see*, *People v Flores*, 196 AD2d 882, 883, *affd* 84 NY2d 957).

Mikoll, J. P., White and Carpinello, JJ., concur.

Peters, J. (concurring in part and dissenting in part). While I agree with the majority that the proof was insufficient to support a conviction of criminal sale of a controlled substance in the third degree, I believe that the evidence was further insufficient to support a conviction for attempted criminal sale of a controlled substance in the third degree. Mindful that "the boundary where preparation ripens into punishable conduct depends greatly on the facts of the particular case" (*People v Mahboubian*, 74 NY2d 174, 190), I conclude that defendant's conduct did not come " 'dangerously near' " completion of the criminal endeavor so as to reach this boundary (*id.*, at 190; *see*, *People v Rizzo*, 246 NY 334, 338). Even if we were to accept the fact that defendant intended to take funds, enter a building, acquire drugs and provide them to the police officers, I would find that "his actions clearly did not carry 'the project forward within dangerous proximity to the criminal end to be attained' " (*People v Acevedo*, 140 AD2d 846, 847, quoting *People v Warren*, 66 NY2d 831, 832; *see*, *People v Putnam*, 130 AD2d 52, *lv denied* 70 NY2d 754).

As several contingencies stood between the agreement and the contemplated purchase, I would follow the guidance of the Court of Appeals in *People v Warren* (*supra*), reverse defendant's conviction and dismiss the indictment. Ordered that the judgment is modified, on the law and the facts, by reducing the conviction from criminal sale of a controlled substance in the third degree to attempted criminal sale of a controlled substance in the third degree, and vacating the sentence imposed; matter remitted to the County Court of Broome County for resentencing; and, as so modified, affirmed.