OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the indictment dismissed.
*998 Defendant was convicted, after a bench trial, of third degree criminal sale of a controlled substance. Defendant approached two off-duty police officers and inquired whether they were interested in purchasing an unspecified type and quantity of drugs. One of the officers asked if defendant had any “dime bags;” defendant responded that he only had “twenties.” Ultimately, defendant got into the officers’ vehicle and led them to the driveway of a building. Defendant told the officers to give him some money, and he would go into the building and get the drugs. The officer who had offered to purchase the drugs was unwilling to go along with this arrangement. The money belonged to the officer and he was admittedly afraid that defendant would simply abscond with it.
Because of the officer’s unwillingness to either part with the money or accompany defendant into the building, the transaction proceeded no further and without ever having exited the vehicle, defendant was placed under arrest for offering to sell drugs. Defendant did not possess any money or drugs at the time of his arrest and there was no evidence that he had previously sold drugs to the officers or anyone else. Although defendant did later give an oral statement indicating he intended to sell cocaine to the officers, he made no reference to a source of drugs or prior drug sales at the building in question. There was no evidence that there were drugs in the building at the time of defendant’s arrest, or even that the building was a known drug location. “Notably absent from the People’s case is any proof that defendant had the ability to procure the cocaine he purportedly offered to sell” (246 AD2d 682, 683). The Appellate Division found the evidence insufficient to support the criminal sale charge, and reduced defendant’s conviction to attempted criminal sale.
We agree that the evidence was insufficient to support defendant’s conviction for third degree criminal sale of a controlled substance. A conviction for criminal sale does not require that an actual sale be consummated; under Penal Law § 220.00 (1), a “sale” includes an offer to sell or exchange drugs. However, in order to support a conviction under an offering for sale theory, there must be evidence of a bona fide offer to sell— i.e., that defendant had both the intent and the ability to proceed with the sale (see, People v Gondolfo, 94 Misc 2d 696, 702 [Alexander, J.] [“not every casual offer is made criminal but where a defendant has made a bona fide offer or agreement to sell and there is sufficient evidence to indicate an ability and intent on the part of the defendant to complete the transaction, *999 a conviction for sale may be obtained without proof of possession of the contraband.”]; see also, People v Flores, 84 NY2d 957). Here, the evidence was insufficient to establish that defendant had the ability to carry out the sale.
The evidence was also insufficient to support the attempted sale conviction. There was no evidence to show that defendant came dangerously close to actually completing the sale (People v Warren, 66 NY2d 831, 832). Thus, the Appellate Division erred in reducing the conviction to third degree attempted criminal sale, as the evidence was insufficient to support either offense.