■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DUARTE, Appellant. [751 NYS2d 734] —Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered June 16, 1998, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of 8⅓ years to life on the second degree possession conviction and 4½ to 13½ years on each of the third degree possession convictions, consecutive to a term of 7 to 21 years on the sale conviction, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence concerning the transaction of December 4, 1996 is unpreserved and we decline to review it in the interests of justice. Were we to review this claim, we would find that the verdict was based on legally sufficient evidence. There is no basis for disturbing the jury's determinations concerning credibility, including its rejection of defendant's testimony. The credible evidence established that defendant had both the intent and ability to proceed with the sale of cocaine to the undercover officers (*see People v Samuels*, 99 NY2d 20; *People v Mike*, 92 NY2d 996, 998). We further find that the verdict was not against the weight of the evidence.

The court properly granted the prosecutor's application made pursuant to *Batson v Kentucky* (476 US 79). The record supports the court's determination that defendant's explanation for striking the prospective juror at issue was pretextual, in that defendant declined to challenge similarly situated

panelists. This credibility-based finding is entitled to great deference (see *People v Hernandez*, 75 NY2d 350, *affd* 500 US 352).

We find no basis for reducing the sentence. Concur—Andrias, J.P., Rosenberger, Marlow and Gonzalez, JJ.