■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETROS BABI, Appellant. [776 NYS2d 807]—

Judgment, Supreme Court, New York County (Herbert Adlerberg, J.), rendered September 28, 2000, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 17½ years to life, unanimously affirmed.

Since defendant did not move to withdraw his plea or vacate the judgment, his challenge to the voluntariness of his plea is unpreserved and we decline to review it in the interest of justice. The exception to the preservation requirement does not apply since defendant's factual recitation did not negate an essential element of the crime pleaded to, or cast significant doubt upon his guilt, or otherwise call into question the voluntariness of his plea (*see People v Toxey*, 86 NY2d 725 [1995]; *People v Lopez*, 71 NY2d 662 [1988]). We note that in his allocution, defendant expressly acknowledged that he had the intent and capacity to complete the unconsummated drug sale (*see* Penal Law § 220.00 [1]; *People v Mike*, 92 NY2d 996 [1998]). The record establishes that the plea was knowing, intelligent and voluntary. To the extent that defendant's plea was linked to the dismissal of charges against his relatives, the plea met constitutional standards for that type of arrangement (*see People v Fiumefreddo*, 82 NY2d 536 [1993]).

Defendant knowingly and intelligently waived his right to appeal, and this waiver encompassed his excessive sentence claim (*People v Hidalgo*, 91 NY2d 733 [1998]). Therefore, defendant "elect[ed] to foreclose review of [his] negotiated sentence" (*People v Seaberg*, 74 NY2d 1, 10 [1989]). In any event, were we to find that defendant did not validly waive his right to appeal, we would perceive no basis for reducing the sentence or directing that it be served concurrently with defendant's Queens County sentence. Concur—Nardelli, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.