*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0351**

Guy Israel Greene, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed October 19, 2015
Affirmed
Bjorkman, Judge**

Isanti County District Court
File No. 30-K9-02-000047

Guy Israel Greene, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Jeffrey R. Edblad, Isanti County Attorney, Deanna N. Natoli, Assistant County Attorney, Cambridge, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Johnson, Judge; and Bjorkman, Judge.

## U N P U B L I S H E D   O P I N I O N

**BJORKMAN**, Judge

Appellant challenges the denial of his petition for postconviction compensation relief, arguing that he was "exonerated" under Minn. Stat. § 590.11 (2014) when this

court reversed one of his two convictions. Because reversal on the basis of insufficient evidence does not constitute exoneration under the postconviction compensation-relief statute, we affirm.

## FACTS

Appellant Guy Israel Greene was convicted of felony escape from custody and misdemeanor assault in 2002. Greene appealed, and we reversed his escape-from-custody conviction based on insufficient evidence. *State v. Greene*, No. C6-02-2053 (Minn. App. June 10, 2003) (order op.).

In 2014, the legislature enacted Minn. Stat. § 590.11, which allows certain individuals who meet the definition of "exonerated" under the statute to receive compensation related to their wrongful confinement. Greene filed a petition for compensation pursuant to this statute on October 20, 2014.[1] The district court denied Greene's petition without a hearing, concluding that Greene was not "exonerated" because his conviction was not reversed on "grounds consistent with innocence" and the prosecutor did not dismiss the charge following the reversal. Greene appeals.

## D E C I S I O N

A denial of a petition for postconviction relief and a request for an evidentiary hearing are reviewed for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "A postconviction court abuses its discretion when its decision is based on

---

[1] Both parties assert, and we agree, that Greene's petition for postconviction compensation relief was timely. Minn. Stat. § 590.11, subd. 2 ("Persons released from custody after being exonerated before July 1, 2014, must commence an action under this section within two years of July 1, 2014.").

2

an erroneous view of the law or is against logic and the facts in the record." *Id.* (quotation omitted). We review legal issues de novo, and will not reverse findings of fact unless they are clearly erroneous. *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015).

To be eligible for postconviction compensation relief, a petitioner must first establish that he was "exonerated" as defined in Minn. Stat. § 590.11, subd. 1. For convictions that are vacated or reversed, the petitioner meets the statutory definition if two elements are satisfied. First, the vacation or reversal was based on "grounds consistent with innocence." Minn. Stat. § 590.11, subd. 1(1)(i). Second, the prosecutor dismissed the charge after the conviction was vacated or reversed. *Id.* We address each element in turn.

## I. Reversal of Greene's escape-from-custody conviction because of insufficient evidence is not a reversal on "grounds consistent with innocence."

Whether Greene's conviction was reversed on "grounds consistent with innocence" is a matter of statutory interpretation, which we review de novo. *State v. Riggs*, 865 N.W.2d 679, 682 (Minn. 2015). We interpret statutory provisions with the goal of determining and effectuating the legislature's intent, interpreting unambiguous terms according to their plain meaning. *Brua v. Minn. Joint Underwriting Ass'n*, 778 N.W.2d 294, 300 (Minn. 2010). Statutory language is only ambiguous when it is "subject to more than one reasonable interpretation." *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000) (quotation omitted). And we interpret a statute "to give effect to all of its provisions." *Id.*

3

Greene argues that the language of Minn. Stat. § 590.11, subd. 1, is unambiguous, and that he meets the statutory definition of "exonerated" simply because his conviction was reversed. He contends that the dictionary definitions of "innocence," "exonerate," and "exoneration" support his contention that reversal of a conviction meets the statutory definition. We are not persuaded.

Minnesota courts have not decided what it means to have a conviction reversed on "grounds consistent with innocence." But the plain language of the statute defeats Greene's argument. By its terms, the statute defines "exonerated" to mean that "(1) a court of this state: (i) vacated or reversed a judgment of conviction on grounds consistent with innocence and the prosecutor dismissed the charges." Minn. Stat. § 590.11, subd. 1(1)(i). Greene's proposed reading of the definition ignores the requirement that we give effect to all provisions of the statute. To adopt Greene's interpretation would render the statute's provisions concerning the grounds for the reversal and the prosecutor's response superfluous. We decline to do so.

Moreover, persuasive authority from other jurisdictions supports our conclusion that reversal of a conviction, standing alone, does not suggest innocence. The state relies on several Ohio cases, which indicate that an acquittal or a finding of not guilty is insufficient to establish innocence for purposes of wrongful imprisonment statutes.[2]

---

[2] *See Ohio ex. rel. Jones v. Suster*, 701 N.E.2d 1002, 1005 (Ohio 1998) (holding that a finding of not guilty is insufficient to establish innocence); *Walden v. Ohio*, 547 N.E.2d 962, 966-67 (Ohio 1989) (holding that wrongful-imprisonment statutes separate those who have been wrongfully imprisoned from those who have simply avoided criminal liability).

Although Ohio's jurisprudence is instructive on the meaning of innocence,[3] New York and Massachusetts caselaw is more compelling because it interprets the statutes that are more similar to Minn. Stat. § 590.11.

New York law provides that a claimant seeking compensation for unjust imprisonment must show that "he has been pardoned upon the ground of innocence . . . or . . . his judgment of conviction was reversed or vacated, and the accusatory instrument [was] dismissed." N.Y. Ct. Cl. Act § 8-b(3)(b) (McKinna 2015). Trial courts designated to handle compensation claims under this statute have held that having a reversal or vacation of a conviction, standing alone, does not establish a prima facie case for relief under the postconviction compensation statute. *See, e.g., Mike v. State*, 808 N.Y.S.2d 537, 541-42 (N.Y. Ct. Cl. 2005). Rather, an individual seeking compensation must provide additional evidence to demonstrate innocence. *Id.* Likewise, Massachusetts law conditions eligibility for relief on a showing that the claimant was "granted judicial relief by a state court . . . on grounds which tend to establish the innocence of the individual" and that the prosecutor dismissed the charge. Mass. Gen. Laws ch. 258D, § 1(B)(ii) (2014). While Massachusetts courts do not require claimants to show that their convictions were overturned based on compelling or overwhelming exculpatory evidence (actual innocence), the grounds must do more than merely assist the defendant's chances of acquittal. *Irwin v. Commonwealth*, 992 N.E.2d 275, 283 (Mass. 2013). In sum, these

---

[3] Ohio's postconviction compensation statute is codified in Ohio Rev. Code Ann. § 2743.48 (2014).

jurisdictions are in accord that claimants must do more than show that their convictions were overturned; they must demonstrate at least some degree of innocence.[4]

Our decision on Greene's direct appeal holds only that the evidence presented at Greene's trial was not sufficient to support all of the elements of the escape-from-custody offense. We did not conclude that Greene was innocent of that offense, but simply that the state did not meet its burden of proof. Accordingly, Greene has not demonstrated that he was "exonerated."

## II. The prosecution did not dismiss the escape-from-custody charge following the reversal of Greene's conviction.

The district court also denied relief because the court found that the prosecutor did not dismiss the escape-from-custody charge following this court's reversal of Greene's conviction. Because this is a finding of fact, our review is limited to "whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Matakis*, 862 N.W.2d at 36 (quotation omitted).

Greene does not contend that he has satisfied this element of the statute. The state correctly points out that it did not dismiss any charges against Greene following the reversal of his conviction. Additionally, there is no indication in the record that the

---

[4] *See Mike*, 808 N.Y.S.2d at 541 ("[The postconviction statute] was enacted to provide damages to individuals . . . if they are wrongly convicted of a crime and can demonstrate their innocence. The legislative history makes clear that the policy underlying this statute adheres to the principle that: '[T]he mere statement that one's conviction has been reversed or vacated will not establish a prima facie case.'").

prosecutor dismissed any charges against Greene.  Thus, the district court did not clearly err in finding that the prosecution did not dismiss the charge of escape from custody.[5]

Finally, because Greene does not meet the definition of "exonerated" under this statute, the district court did not err when it denied Greene's petition without a hearing. *See* Minn. Stat. § 590.11, subd. 6 (stating that when an individual petitions a postconviction court for compensation based upon exoneration, the court must set a hearing on the petition unless the petition, files, and records "conclusively show that the petitioner is not eligible for compensation").

**Affirmed.**

---

[5] We note that Greene's compensation request is also barred under Minn. Stat. § 590.11, subd. 5(a)(2).  Recovery under the statute requires exoneration of all charges arising out of the same behavioral incident.  Greene's assault conviction, which was not reversed or vacated, arose out of the same behavioral incident as the escape-from-custody offense.