15-3545-cr
United States v. Sanchez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of March, two thousand seventeen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                      *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                      *Appellee*,

             v.                                          15-3545-cr

FRANCISCO SANCHEZ, AKA JEORGE L. SOSA,

                      *Defendant-Appellant*.
_____

Appearing for Appellant:     John S. Wallenstein, Garden City, NY.

Appearing for Appellee:      Jason A. Richman, Assistant United States Attorney (Brian R. Blais, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Francisco Sanchez appeals from the amended final judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*) entered October 30, 2015, sentencing him principally to 80 months' imprisonment following his plea of guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Sanchez pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) on August 20, 2013, without the benefit of a plea agreement. Sanchez's sentencing was held on December 19, 2013. The district court calculated Sanchez's total offense level at 25, with: (1) a base offense level of 24, pursuant to U.S.S.G. § 2K2.1(a)(2), because Sanchez committed the offense of conviction following two prior convictions for controlled substance offenses; (2) a two-level increase pursuant to U.S.S.G. § 2K2.1(b)(4)(A), because the offense involved a stolen firearm; (3) a two-level increase pursuant to U.S.S.G. § 3C1.1 because Sanchez obstructed justice; which were offset by (4) a three-level decrease pursuant to U.S.S.G. § 3E1.1 for Sanchez's acceptance of responsibility. The district court determined Sanchez belonged in criminal history Category V, with a resulting Guidelines range of 100 to 120 months' imprisonment. Sanchez did not object to the district court's Guidelines calculations. The district court sentenced Sanchez principally to a term of 84 months' imprisonment.

The district court vacated Sanchez's judgment of conviction on consent because Sanchez's attorney failed to enter a notice of appeal after Sanchez asked him to do so. Resentencing took place on October 26, 2015. Sanchez argued that his prior New York state drug convictions did not qualify as "controlled substance offenses" within the meaning of the Guidelines. Sanchez argued that New York Penal Law § 220.31, criminalizes conduct, including "mere offers" to sell controlled substances, and that conduct does not fall within the Guidelines definition of "controlled substance offenses." The district court disagreed, holding that the New York statute criminalizes only "bona fide offers" to sell controlled substances, which fall within the Guidelines definition of "controlled substance offenses." The district court then calculated Sanchez's base offense level as 24, applying the same rationale as it did in Sanchez's original sentencing. As before, the district court placed Sanchez in criminal history category V, again yielding a Guidelines range of 100 to 120 months' imprisonment. The district court sentenced Sanchez to a slightly shorter sentence of 80 months' imprisonment based on Sanchez's post-offense efforts at rehabilitation.

"We review *de novo* the district court's determination of whether a prior offense was a controlled substance offense, as defined by U.S.S.G. § 4B1.2, and we review *de novo* the scope of a district court's authority to make factual findings." *United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008) (internal quotation marks and citation omitted). "The government bears the burden of showing that a prior conviction counts as a predicate offense for the purpose of a sentencing enhancement." *Id.* As explained in *Savage*, "[i]n determining whether a prior conviction qualifies as a predicate offense under U.S.S.G. § 4B1.2, we take a modified categorical approach; that is, we generally look only to the statutory definition of the prior

2

offense of conviction rather than to the underlying facts of that offense." *Id.* (internal quotation marks, brackets and citation omitted).

The district court correctly determined that both the New York courts and our Court have distinguished the Connecticut statute at issue in *Savage* from the New York statute at issue here. The New York Court of Appeals explained that:

> A conviction for criminal sale does not require that an actual sale be consummated; under Penal Law § 220.00 (1), a "sale" includes an offer to sell or exchange drugs. However, in order to support a conviction under an offering for sale theory, there must be evidence of a bona fide offer to sell--i.e., that defendant had both the intent and the ability to proceed with the sale.

*People v. Mike*, 92 N.Y.2d 996, 998 (1998). Further, our Court held in *Pascual v. Holder*, 723 F.3d 156, 159 (2d Cir. 2013), that New York law criminalizes only "bona fide" offers to sell narcotics. Moreover, *Mike* did not reflect a foundational shift in New York law. *Mike* cites to *People v Gondolfo*, which held that "not every casual offer is made criminal but where a defendant has made a bona fide offer or agreement to sell and there is sufficient evidence to indicate an ability and intent on the part of the defendant to complete the transaction, a conviction for sale may be obtained without proof of possession of the contraband." 405 N.Y.S.2d 890, 894-95 (Sup. Ct. N.Y. County 1978). Other New York courts reached similar results well before *Mike*. *See, e.g., People v. Lawson*, 374 N.Y.S.2d 270, 273 (Sup. Ct. N.Y. County 1975) ("[W]here the gravamen of the offense is an offer or agreement, the People must establish a specific intent to transfer the drug which is the subject of such offer or agreement. In so holding, I wish to emphasize that in some factual situations the People may establish intent without being able to point to any identifiable substance as the subject of the offer or agreement."). Because of this less inclusive definition of "sell," the New York statute does not proscribe conduct outside the Guidelines definition of a controlled substance offense. *Cf. Savage*, 542 F.3d at 966.

Sanchez also argues that the district court erred in imposing a two-level enhancement for obstruction of justice because there was no factual basis to do so. Because Sanchez failed to object to the imposition of the enhancement below, the Court reviews the claim for plain error. *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). Section 3C1.1 of the Guidelines requires a two-level increase in a defendant's offense level "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense[.]" U.S.S.G. § 3C1.1. Included in the Guidelines' "non-exhaustive list of examples of the types of conduct" to which the enhancement applies include "providing materially false information to a judge or magistrate judge" and "destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding." U.S.S.G. § 3C1.1 cmt. n. 4(F) & (D). The enhancement "applies not only to successful obstructions but also to attempts." *United States v. Lincecum*, 220 F.3d 77, 80-81 (2d Cir. 2000). The burden of proof is preponderance of

the evidence. *United States v. Khedr*, 343 F.3d 96, 102 (2d Cir. 2003). "The obstruction of justice enhancement [under Section 3C1.1] . . . is mandatory once its factual predicates have been established." *United States v. Friedman*, 998 F.2d 53, 58 (2d Cir. 1993).

The district court did not commit plain error in applying the two-level enhancement. Sanchez does not identify an error in the district court's fact finding. Rather, he argues that the facts on which the enhancement were based did not affect the underlying investigation and subsequent prosecution. Even assuming Sanchez is correct, the record reflects that the same sentence would have been imposed anyway, such that the alleged "error may be deemed harmless." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009). In the November 9, 2015 order denying Sanchez's Rule 35 motion to correct his sentence based on the imposition of the obstruction enhancement, the district court stated the denial of the motion did not prejudice Sanchez because "the relief requested would not alter the term of the sentence imposed." Order at 4 n.6, *United States v. Sanchez*, No. 1:13-cr-00065, (S.D.N.Y. Nov. 9, 2015), ECF No. 44. The district court stated that the sentence imposed "was based on careful consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a)," and that it "did not sentence [the] defendant[] based on a percentage decrease from the bottom of the Guidelines range." *Id.* There is no error.

We have considered the remainder of Sanchez's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4